## ASBURY v STATE OF FLORIDA
### Case No. 88-90051-AP
Fourth Judicial Circuit, Duval County

February 21, 1989

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.

**Robert L. Cosmas,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

Appellant was arrested for violation of Section 843.02, Florida Statutes. Upon denial of Appellant's Motion to Dismiss on constitutional grounds, the Appellant entered a plea of nolo contendere reserving his right to appeal asserting the Statute is facially overbroad and unconstitutionally applied in his case.

The major argument is the application of the Statute in consideration of the facts of the case. Appellant urges that *Houston v Hill,* 107 S.Ct. 2502 (1987) is applicable and the Appellee that the factual basis is within the holding of *Colten v Commonwealth,* 92 S.Ct. 1953 (1972).

The arresting officer was a backup unit for another officer investigating four individuals for prowling. The Appellant (not involved in the prowling investigation) shouted obscenities in asking what was going on. He was told to stay away but walked toward the officer with at least one hand in his pocket. The setting was 1:00 o'clock A.M. in an alley with a street light probably shot out and an area where people were not normally walking at that hour and place. Both officers were in uniform and blue lights were on at least one patrol car.

All facts are contained in the deposition of the officer. The officers were "kind of in the middle of the alley" . . . The Appellant was walking up the street with police in the middle of the block. Appellant started hollering at the intersection. Dep. p. 27. Appellant was not walking directly towards the officer at first but as he got closer, he walked toward him. Dep. p. 27. The officer warned him several times to stay back but he kept walking toward the officer. Dep. p. 28. When he got up to the officer, Appellant was again told to stand back. Dep. p. 30. The officer believed he was defending himself by the arrest. Dep. p. 34. Although the Appellant was 15 to 20 feet away when the officer shone his flashlight in his face, the Appellant continued to approach the officer.

In this case, it was not the speech of the Appellant that led to the arrest but his actions in impeding legitimate police work. Such actions are not constitutionally protected.

The Statute is facially constitutional and constitutional as applied in this case.

The trial court is AFFIRMED.